(166 App. Div. 367)

## DEAN v. BUTLER.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

1. PLEADING ⬤⟹93—INCONSISTENT CLAIMS—REPLEVIN.

Where the evidence does not show clearly whether a colt was delivered to plaintiff as a gift, or merely to be kept during the winter, in replevin against defendant, who in some manner obtained possession of the colt, claims by plaintiff of ownership, or that he had a lien for the keep, are not inconsistent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190; Dec. Dig. ⬤⟹93.]

2. ANIMALS ⬤⟹26—LIEN FOR KEEP—LOSS OF LIEN.

If one in possession of a colt has a lien for its keep, and voluntarily surrenders the colt, the lien is lost.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 54–69; Dec. Dig. ⬤⟹26.]

Howard and Woodward, JJ., dissenting.

Appeal from Tompkins County Court.

Action by Lavina Dean against Kittie Butler. From a judgment of the County Court, reversing a judgment of a justice of the peace in favor of plaintiff, and granting a new trial before the same justice, plaintiff appeals. Judgment of County Court affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

J. J. McGuire, of Ithaca, for appellant.
Willard M. Kent, of Ithaca, for respondent.

JOHN M. KELLOGG, J. The action was in replevin to recover the possession of a colt alleged to have been wrongfully taken by the defendant. The first cause of action stated in the complaint proceeds upon the theory that the plaintiff was the owner of the colt. The second cause of action is based upon the theory that the plaintiff had wintered and pastured the colt for the defendant and that the plaintiff had a lien upon it therefor. The proceedings were quite informal from beginning to end. The jury determined that the colt be given to the defendant and that the plaintiff be given $60 for the care and keep of it, and costs, "the same to be covered by a lien upon the colt until paid." The justice entered judgment for the plaintiff for $60 and costs. The County Court reversed the judgment, and granted a new trial, upon the ground that it was contrary to the weight of the evidence, not according to the verdict, not in the form required in replevin actions, and that the judgment was unauthorized, and apparently considered that the plaintiff in the same complaint could not

claim the general property in the colt and a special property by way of a lien for keeping it.

The plaintiff's evidence tended to show that the defendant, her aunt, had no feed for the colt. Plaintiff's husband told defendant that if she would send for the hay he would give her enough to winter the colt, but advised her to sell it. Nevertheless she gave the colt to the plaintiff and asked her to take it home, take good care of it, and keep it for her own use. The defendant's evidence tended to show that the plaintiff's husband, with the plaintiff's knowledge, offered to take the colt home and feed it during the winter, with the understanding that if it was fed grain the defendant's husband would pay the value of the grain. The defendant, in June, came to the plaintiff's place to get the colt, but delivery was refused unless the defendant would pay for its keeping. It does not appear how the colt came into the defendant's possession after that.

[1] Upon the facts shown it is not clear that the plaintiff's claim of ownership and a lien for the keeping were so inconsistent that the plaintiff could not seek to regain possession upon either ground. The evidence does not conclusively show whether the defendant delivered the colt to the plaintiff as an actual gift, or whether it was delivered to her to be kept for the winter. I think, therefore the plaintiff was entitled to urge either ground to establish her right of possession of the colt.

[2] The jury evidently have found that there was no gift, but that the plaintiff was keeping the colt for the defendant at her request. If the plaintiff voluntarily surrendered the possession of the colt, she could not thereafter claim a lien and regain the possession by replevin. If the plaintiff did not own the colt, she could not recover the possession of it from the defendant, if she had voluntarily parted with the possession. A necessary element of the plaintiff's case in replevin is therefore absent.

It is difficult to determine just what the defendant's answer means, but the court was justified in trying the case upon the merits. We cannot say that the determination of the County Court that the case is not supported by the evidence is incorrect. Clearly the judgment was informal. Upon a new trial the evidence may more fully present the rights of the parties to the court.

The judgment of the County Court is therefore affirmed, with costs. All concur, except HOWARD and WOODWARD, JJ., who vote to reverse the County Court and reinstate the justice's judgment.